UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WEINKAUF,

    Plaintiff,

v.        CASE NO. 1:09-CV-638

UNICARE LIFE & HEALTH    HON. ROBERT HOLMES BELL
INSURANCE COMPANY and
WHIRLPOOL CORPORATION
GROUP BENEFIT PLAN,

    Defendants.
_____/

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to supplement the administrative record. (Dkt. No. 18.) A district court, when asked to review an administrator's denial of ERISA benefits, should conduct a review "based solely on the administrative record," *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998), and generally should not consider "evidence not presented to the plan administrator," *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990). "The only exception to the . . . principle of not receiving new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 618. Plaintiff's complaint does not allege administrator

bias, or any other procedural deficiency. *See Fendler v. CNA Group Life Assur. Co.*, 247 F. App'x 754, 757 (6th Cir. 2007) (unpublished) (denying a plaintiff's request to supplement the administrative record in part because the plaintiff did not assert a procedural challenge to the administrator's decision in its complaint). In fact, in the parties' joint status report, Plaintiff affirmatively represents to the Court that he does not have a procedural challenge to the administrator's decision. (Dkt. No. 13.) Because Plaintiff has expressly disclaimed a procedural challenge to the administrator's decision, he may not now introduce evidence of procedural deficiency.

Additionally, the Court may not consider Plaintiff's evidence in determining whether there was a procedural deficiency because it is inadmissible hearsay. Plaintiff presents a letter from Dr. Alghafeer to Plaintiff's attorney, not a sworn affidavit or deposition testimony from Dr. Alghafeer, stating that he spoke with Dr. Lumpkins. (Dkt. No. 18, Ex. A.) Dr. Alghafeer's assertion that he spoke with Dr. Lumpkins is an out-of-court statement, and, since it is offered to prove that Dr. Alghafeer spoke with Dr. Lumpkins, it is hearsay. Fed. R. Evid. 801(c).

Even if the Court were to consider Plaintiff's evidence, it would not determine that the administrator's decision was procedurally deficient. The evidence does not indicate that the claims administrator itself was bias, but that the claims administrator's decision may have been tainted by a physician that was biased, or at least not fully credible. The Court simply cannot conclude that, had the administrator known that Dr. Lumpkins did not actually speak

with Dr. Alghafeer after claiming she had, a different outcome would have resulted.  First, there is no indication that Dr. Lumpkins was deliberately lying when she represented that she had not spoken to Dr. Alghafeer rather than simply being mistaken, and thus there may be no reason to doubt Dr. Lumpkins's credibility at all.  In addition, even if Plaintiff's evidence could support the conclusion that Dr. Lumpkins deliberately lied, that lie is not sufficiently related to Dr. Lumpkins's analysis of Plaintiff's condition to cast doubt on her entire medical analysis, and it therefore did not infect the decision-making process.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to supplement the administrative record (Dkt. No. 18) is **DENIED**.

Dated: April 23, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

3